UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN YOUNG, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-01441 |
| AFNI, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** JOHN YOUNG ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of AFNI, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of Regulation F, 12 CFR 1006 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 15 U.S.C. § 1692a(3).

1

5. Defendant is a third party debt collector with its principal place of business located in Bloomington, Illinois. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities through interstate commerce.

### FACTS SUPPORTING CAUSES OF ACTION

6. On or around December 1, 2022, Defendant placed an outgoing call to Plaintiff's cellular telephone.

7. Specifically, Defendant placed the outbound call to Plaintiff's cellular phone at 6:33 AM.

8. Begrudgingly, Plaintiff answered Defendant's early call to inquire the reason for its call during Plaintiff's sleep schedule.

9. Defendant informed Plaintiff that they were looking to speak with his ex-girlfriend, Shannon Hawkins, attempting to collect a defaulted personal debt.

10. Upon information and belief, Defendant was attempting to collect a defaulted consumer debt amassed by Plaintiff's ex-girlfriend ("subject debt").

11. Defendant's collection call was disrupting and inconvenient to Plaintiff, more so since the call was placed prior to 8:00 AM.

12. Plaintiff concluded the telephone call with Defendant by requesting its harassing telephone calls cease.

### DAMAGES

13. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

14. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion

wasting Plaintiff's time, emotional distress, mental anguish, anxiety, loss of concentration, and loss of sleep.

15. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

20. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

23. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

3

### a. Violations of FDCPA § 1692c

24. Defendant violated §1692c(a)(1) when it contacted Plaintiff at an unusual time attempting to reach Plaintiff's ex-girlfriend.

25. As an experienced debt collector, Defendant should assume that the convenient time for communicating with a consumer is between the hours of 8 o'clock antemeridian and before 9 o'clock postmeridian.

26. By placing a call to Plaintiff as early as 6:33 AM, Defendant should have known that it was attempting to communicate during an assumed inconvenient time for Plaintiff.

27. Furthermore, Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

28. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular during an unreasonable time period.

29. Defendant's collection call was disrupting to Plaintiff, more so since the call was placed prior to 8:00 AM.

### c. Violations of FDCPA § 1692f

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by calling Plaintiff prior to 8 o'clock AM, thus outside the assumed convenient time frame outlined by the FDCPA.

31. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JOHN YOUNG, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Enjoining Defendant from further communicating with Plaintiff;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF REGULATION F (12 CFR 1006 ET SEQ.)

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

34. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

35. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of Regulation F §1006.6

36. Pursuant to § 1006.6(b)(1)(ii) of Regulation F, a debt collector is prohibited from communicating with a consumer, "At any unusual time, or at a time that the debt collector knows or should know is inconvenient to the consumer. In the absence of the debt collector's knowledge of circumstances to the contrary, a time before 8:00 a.m. and after 9:00 p.m. local time at the consumer's location is inconvenient;..." 12 CFR 1006.6(b)(1)(ii).

37. Defendant violated § 1006.6(b)(1)(ii) of Regulation F by placing a call to Plaintiff's cellular telephone at 6:33 AM.

38. As an experienced debt collector, Defendant should know that it is inconvenient to communicate with a consumer is after the hours of 8 o'clock AM and before 9 o'clock PM.

**WHEREFORE**, Plaintiff, JOHN YOUNG, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 15, 2022                                         Respectfully Submitted,

/s/ Marwan R. Daher

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com