UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN YOUNG,<br>    *Plaintiff,*<br><br>v.<br><br>AFNI, INC.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§    CASE NO. 1:22-cv-01441-JES-JEH<br>§<br>§<br>§<br>§ |

**DEFENDANT AFNI, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant AFNI, INC. ("Afni"), by and through its undersigned counsel, and files its *Motion for Judgment on the Pleadings* as follows:

**INTRODUCTION**

1. Plaintiff sues pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). Each of Plaintiff's claims arise from a single allegation—a telephone call that is alleged to have taken place at 6:33AM. Doc. 1 at ¶ 7. Plaintiff asserts that during this telephone call "Defendant informed Plaintiff that they were looking to speak with his ex-girlfriend, Shannon Hawkins." *Id*. at ¶ 8. Plaintiff further asserts that "[u]pon information and belief, Defendant was attempting to collect a defaulted consumer debt amassed by Plaintiff's ex-girlfriend." *Id*. at ¶ 9. Plaintiff contends that this single telephone call constitutes a violation of §§ 1692c(a), d, and f of the FDCPA.

2. Plaintiff's § 1692c(a) claim fails as the Seventh Circuit decided that non-consumers cannot bring suit under this section of the FDCPA. Plaintiff's § 1692d claim fails because the single telephone call Plaintiff complains of does not rise to the level of being harassing, oppressive, or abusive. Plaintiff's § 1692f claim fails because it is entirely based on Plaintiff's 1692(c)(a) claim which courts consistently hold cannot be done.

## STANDARD OF LAW

3. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[1] Fed. R. Civ. P. 12(c). The pleadings for purposes of a Fed. R. Civ. P. 12(c) motion include the complaint, the answer, and any written instruments attached to the pleadings as exhibits. *See N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The main difference between a Fed. R. Civ. P. 12(c) motion and a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is that the latter may be filed before an answer to a complaint is filed, whereas a Fed. R. Civ. P. 12(c) motion may be filed after an answer to a complaint is filed. *Id*. at 452 n.3 (quoting Fed. R. Civ. P. 12(c)). Regardless, a Fed. R. Civ. P. 12(c) motion is evaluated "under the same standard as a motion to dismiss under [Rule 12(b)(6)]." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995).

---

[1] The deadline to amend pleadings was March 23, 2023. Doc. 11. (adopting Doc. 10, the joint discovery plan filed by the parties). As such, the pleadings are closed and Plaintiff cannot amend his Complaint.

4.      "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). To succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Coyle Mechanical Supply Inc.*, 983 F.3d at 313 (quoting *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. As with a motion to dismiss, the Court must determine whether the complaint states a claim to relief that is plausible on its face, drawing all reasonable inferences in the plaintiff's favor. *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citations omitted).

## ARGUMENTS & AUTHORITIES

I.      **Plaintiff's § 1692c claim fails as the Seventh Circuit has decided that non-consumers have no right to sue under this section of the FDCPA.**

5.      Plaintiff sues under § 1692c(a) of the FDCPA which states:

> Without the prior consent of the ***consumer*** given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a ***consumer*** in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the ***consumer***. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a ***consumer*** is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the ***consumer's*** location.

15 U.S.C. § 1692c(a) (emphasis added).

6.      Plaintiff openly states in his Complaint that he is not the consumer at issue. Doc. 1 at ¶¶ 9 & 10 ("Defendant informed Plaintiff that they were looking to

speak with his ex-girlfriend . . . . Defendant was attempting to collect a defaulted consumer debt amassed by Plaintiff's ex-girlfriend."). The Seventh Circuit, as well as other sister circuits, have all held that a non-consumer cannot sue under § 1692c of the FDCPA. *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013) ("[Section] 1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves."); *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) ("As we have previously explained, 'only a consumer has standing to sue for violations under 15 U.S.C. § 1692c.'"); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 649 n. 1 (6th Cir.1994) (*en banc*) (same); *Magdy v. I.C. Sys., Inc.*, 47 F.4th 884, 888 (8th Cir. 2022) ("We thus read the plain language of § 1692c(b) as making clear that the provision's purpose is to protect consumers, not third parties.).

7. It has been nearly ten (10) years since the Seventh Circuit established that Plaintiff cannot bring his suit under § 1692c of the FDCPA. As such, Afni respectfully requests that this Court dismiss Plaintiff's claim with prejudice.

## II. Plaintiff's § 1692d claim fails as the conduct alleged does not rise to the level of being harassing, oppressive, or abusive.

8. Plaintiff sues under § 1692d of the FDCPA which states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Although § 1692d is stated in broad terms, the boundary of its generally proscribed conduct is informed by six subparts." *Leavell v. Fin. Recovery Servs., Inc.*, No. 1:20-CV-06908, 2022 WL 1641721, at *3 (N.D. Ill. May 24, 2022),

*appeal dismissed sub nom. Brown v. Fin. Recovery Servs., Inc.*, No. 22-2127, 2022 WL 18028354 (7th Cir. Oct. 3, 2022) (citing *Scott v. Nationwide Credit, Inc.*, No. 1:20-cv-01670, 2021 WL 166711, at *3 (S.D. Ind. Jan. 19, 2021) (also citing *Finch v. Slochowsky & Slochowsky, LLP*, No. 1:19-cv-06273, 2020 WL 5848616, at *3 (E.D.N.Y. Sept. 30, 2020) (invoking *noscitur a sociis*—statutory words often known by the company they keep—to define bounds of § 1692d).

9. The six (6) subparts found within § 1692d of the FDCPA are as follows:

   1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

   2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

   3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

   4) The advertisement for sale of any debt to coerce payment of the debt.

   5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. "Though the examples of conduct that violates § 1692d 'are not intended to [limit] the general application of the section, they are nonetheless useful in contextualizing the behavior prohibited by the section.'" *Scott v. Nationwide*

*Credit, Inc.*, No. 1:20-cv-01670, 2021 WL 166711, at *3 (S.D. Ind. Jan. 19, 2021) (citing *Beach v. LVNV Funding LLC*, No. 2:12-cv-00778, 2013 WL 1878940, at *3 (E.D. Wis. May 3, 2013); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1518 (9th Cir. 1994) (Noonan, J., concurring in part and dissenting in part) (explaining that "normal rules of statutory construction require that the harassment or abuse condemned be of the same nature as the examples the statute supplies.")

10.     The single telephone call Plaintiff complains of does not rise to the level of being harassing, oppressive, or abusive. Multiple district courts, many within with Seventh Circuit, have held that similar conduct (if not worse conduct) did not constitute a violation of § 1692d of the FDCPA. *Leavell*, 2022 WL 1641721, at *6 (finding that a call placed after a request for calls to stop did not violate § 1692d and stating that "nothing about the volume, pattern, or content of the calls suggest that this was the type of interaction that would have the natural consequences of harassment, oppression, or abuse); *Nationwide Credit, Inc.*, 2021 WL 166711, at *3 ("NCI's conduct in sending Scott two collection letters four months apart that identified the same debt but had different internal account numbers is in no way even arguably similar to the types of conduct specifically prohibited by § 1692d. The alleged conduct does not plausibly state that NCI engaged in 'conduct the natural consequence of which is to harass, oppress, or abuse.' Therefore, the Court finds that the § 1692d claim should be dismissed."); *Beach*, 2013 WL 1878940, at *3 ("In this case, Beach's complaint does not allege any facts that support a claim that LVNV and WWR have violated section 1692d. Beach's conclusory assertion that the

defendants harassed him and repeatedly engaged him in a dispute without ever validating the debt is insufficient."); *Finch*, 2020 WL 5848616, at *3 ("The filing of a lawsuit to collect a debt—even if the lawsuit is meritless—is not properly understood as "conduct the natural consequence of which is to harass, oppress, or abuse any person" under this provision. 15 U.S.C. § 1692d."); *Harrer v. RJM Acquisitions, LLC*, No. 1:10-cv-07922, 2012 WL 162281, at *6 (N.D. Ill. Jan. 19, 2012) ("While Defendant's behavior—mailing one collection letter to the incorrect debtor—was in connection with the collection of a debt, the facts alleged here do not plausibly suggest that the natural consequence of Defendant's conduct was to abuse, harass, or oppress.").

11. The conduct that Plaintiff complains of is not remotely similar to the conduct prohibited throughout § 1692d of the FDCPA. Receiving a call early in the morning may be considered by some to be an annoyance, but it certainly does not have the natural consequence of being harassing, oppressive, or abusive. The violations laid out in the six (6) sub-sections of 1692d all deal with extremely egregious conduct. Afni's conduct does not fall within this category. Moreover, if Congress did not intend a non-consumer to be able to bring a claim under § 1692c, it stands to reason that Congress did not intend for a non-consumer to bring a § 1692c claim guised under a different section of the FDCPA. As such, Afni respectfully requests that this Court dismiss Plaintiff's claim with prejudice.

### III. Plaintiff's § 1692f claim fails because it is entirely based on a claim actionable under § 1692c.

12.  Plaintiff sues under § 1692f of the FDCPA which states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f "serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001). Given this purpose, "courts have dismissed claims under 15 U.S.C. § 1692f where such claims are based on facts that are also the basis for another more specific FDCPA claim." *Martin v. Target Card Servs.*, No. 2:17-cv-05372, 2018 WL 2723258, at *5 (C.D. Cal. Apr. 24, 2018); *Lake v. Consumer Adjustment Co., Inc.*, No. 4:15-cv-01495-JCH, 2015 WL 8770719, at *4 (E.D. Mo. Dec. 14, 2015) (dismissing a plaintiff's claim under section 1692f which arose from the same set of factual allegations as his section 1692e claim); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (holding that the plaintiffs' Section 1692f claim was deficient where the plaintiffs did not "identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."); *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580-81 (D.N.J. 2013) (granting summary judgment for defendant on § 1692f claim based entirely on alleged conduct encompassed by Sections 1692c(a)(1) and 1692d of the FDCPA); *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 1:12-cv-00425, 2012 WL 4336012, at *3 (S.D. Ala. Sept. 20, 2012) ("Case law clearly establishes that, to state a claim for violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond

that which the plaintiff alleges violates other provisions of the FDCPA."); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 782 (E.D.N.C. 2011).

13. All of Plaintiff's claims, including Plaintiff's § 1692f claim, are based on conduct that is specifically encompassed by § 1692c(a) of the FDCPA. Courts have consistently held that a § 1692f claim must be dismissed under such circumstances. Afni respectfully requests that the same is done here.

14. Moreover, while the Seventh Circuit has not definitively addressed what constitutes "unfair or unconscionable" conduct in debt collection, the Second Circuit has held that it refers to debt collection practices that are "shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness." *Howard v. LVNV Funding, LLC*, No. 3:19-CV-93, 2020 WL 978653, at *7 (W.D. Pa. Feb. 28, 2020) (citing *Arias v. Gutman, Mintz, Baker, & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017).

15. Just as the conduct alleged could not "harass, oppress, or abuse," it is also true that the conduct alleged is not "shockingly unjust" nor "affront the sense of justice." Receiving a call early in the morning may be considered by some to be an annoyance, but it is certainly not unconscionable behavior. As such, Afni respectfully requests that this Court dismiss Plaintiff's claim with prejudice.

## CONCLUSION

16. Plaintiff's single allegation falls squarely within the conduct governed by § 1692c(a) of the FDCPA. The Seventh Circuit has made clear that a claim under this section cannot be brought by a non-consumer. Moreover, there is no evidence

that Congress intended for an otherwise non-viable claim to be brought under another section of the FDCPA. Nevertheless, Plaintiff's claims under §§ 1692d and f still fail on their merits. The single call at issue does not rise to the level of being actionable under either section of the FDCPA.

WHEREFORE, PREMISES CONSIDERED, Defendant AFNI, INC. respectfully requests that this Court dismiss Plaintiff's claims with prejudice and provide any other relief the Court deems warranted.